IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEMARIO NEWTON,           )<br>                              )<br>    PLAINTIFF,           )   CIVIL ACTION FILE NO.<br>                              )<br>v.                            )   1:22-cv-01694-VMC<br>                              )<br>WINGATE MANAGEMENT     )<br>COMPANY, LLC,             )<br>                              )<br>    DEFENDANT.            ) | |

## MOTION TO CONSOLIDATE ACTIONS

COMES NOW Defendant Wingate Management Company, LLC (hereinafter "Defendant"), by and through its undersigned counsel of record, and hereby files this Motion to Consolidate Actions, respectfully showing the Court as follows:

## BACKGROUND

On April 29, 2022, DeMario Newton filed this lawsuit against Defendant for personal injuries arising out of a shooting that occurred on June 30, 2020. The shooting in question allegedly occurred while Newton and the four individuals listed below were purported invitees on a property "owned and managed" by Defendant. (See Complaint, generally). The same day, four other nearly identical cases were filed in the State Court of Gwinnett County. The cases were subsequently removed to this Court. These cases are styled *Pamela Roland, O/B/O The Estate of Keiontay*

*Davis*, Civ. Action No. 1:22-cv-01692-VMC ("Roland"), *Kenneth Long v. Wingate Management Company LLC*, Civ. Action No. 1:22-cv-01693-VMC ("Long"), *Ricky Phillips v. Wingate Management Company, LLC*, Civ. Action No. 1:22-cv-01695-VMC ("Phillips"), and *Wyteria Sims v. Wingate Management Company, LLC*, Civ. Action No. 1:22-cv-01696-VMC ("Sims").

Like *Newton*, the actions brought by the four other Plaintiffs arise from the exact same occurrence – the June 30, 2020 drive-by shooting, in which Plaintiffs were allegedly injured based on Defendant's alleged negligence in keeping its premises safe. The complaints filed in *Roland*, *Long*, *Phillips*, and *Sims* are nearly identical to the initial complaint in this lawsuit, containing the same facts, allegations, and causes of action. Defendant has asserted the same defenses in response to all complaints.

The Parties and this Court have treated these cases like a consolidated case throughout their pendency. For instance, all 37 depositions of fact and expert witnesses were cross-noticed for all 5 cases. Furthermore, the same approximately 42,000-page document productions by Defendant were produced in all 5 cases, and thousands of pages of Plaintiffs' documents not related to damages were produced in all 5 cases. When it came to dispositive motions, the facts and law cited in the briefs were largely identical. When the Court requested a hearing for the parties to

answer questions concerning summary judgment, one hearing was set because the issues were the same across all 5 cases. Finally, the Court issued a single Order on summary judgment that was applicable across all 5 cases.

The facts show significant economy by consolidating for the Court, litigants and counsel. For instance, five of the Parties' six expert witnesses reside out of state. In addition, several fact witnesses who have been deposed in this case, and additional witnesses who appear on Plaintiffs' own initial disclosures, reside out of state. If the cases were not consolidated, all attorneys and witnesses would have to testify 5 separate times as to the exact same facts and opinions. Therefore, in the interest of judicial economy, *Roland*, *Long*, *Newton*, *Phillips* and *Sims* should be consolidated for trial.

**ARGUMENT AND CITATION OF AUTHORITY**

Federal Rule of Civil Procedure 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Fed. R. Civ. P. 42(a), quoting *Young v. City of August,* 59 F.3d 1160, 1168 (11th Cir. 1995) (Rule 42(a) "is permissive and vests a purely discretionary power in the district court."), *see Hendrix v. Raybestos - Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) ("A district court's decision under Rule 42(a) is purely discretionary"), *see also Hendrix*,

776 F.2d 1492 at 1495 (encouraging district courts to use Rule 42(a) as a tool to expedite trial and eliminate repetition). Thus, the decision to consolidate cases is committed to the sound discretion of the trial court. *Bennett v. Ocwen Loan Servicing, LLC,* No, 2:14-cv-170-WCO-JOF, 2016 WL 4267629, at *3 (N.D. Ga. June 13, 2016).

In determining whether to consolidate cases, the Court must assess "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* (quoting *Hendrix,* 776 F.2d at 1495).

Because it is clear from the facts alleged in these complaints the actions raise nearly identical claims and arise out of the same occurrence, consolidation of these actions is warranted.  The Parties and the Court have proceeded as though these cases are already consolidated for years, for the simple fact that it was easier to do so throughout discovery, and common issues of law and fact far outnumber unique issues in these cases.  In the context of a trial, which will take place over the course of days or weeks, that convenience and efficiency is even more necessary.

The cases stem from the same incident and bring largely the same claims on behalf of all Plaintiffs. *See Eghanayem v. Bos. Sci. Corp*., 873 F.3d 1304, 1313-14 (11th Cir. 2017) (finding that consolidation was appropriate where plaintiffs "brought the same claims based largely on the same facts"); *Allstate Ins. Co v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) ("A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants."). Because resolution of the cases will involve common questions of law and fact, allowing them to proceed to trial separately would risk "inconsistent adjudications of common factual and legal issues." *Eghnayem*, 873 F.3d at 1314 (quoting *Hendrix*, 776 F.2d at 1495). Indeed, the legal questions overlap in this case such that Defendant anticipates using identical jury charges on all liability issues in all five cases. When the Court scheduled a single hearing on Motions for Summary Judgment in all five cases, and it entered a single order on those Motions, there was very little distinction between any of the cases.

At one, or five separate trials, evidence and argument regarding the facts of the shooting, Wingate's management of the premises, and the security measures in place, as well as any evidence or argument regarding attorneys' fees and punitive damages, will be **identical** across all five cases. The costs and time of bringing in a

dozen or more witnesses from around the country will be substantial to do once, but would be unreasonable to do five separate times, when there is clearly a better alternative.

Consolidating the cases will significantly ease the burdens and expense on the litigants and witnesses, aiding the Court in promoting an efficient litigation process. *See, e.g., Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (granting motion to consolidate, in part, to "ease the burdens placed on the [P]arties and witnesses and . . . this Court"); *Miller v. Beazer Homes USA, Inc.*, No. CIV 107-CV-1098-RWS, 2007 WL 3005332, at *1 (N.D. Ga. Oct. 11, 2007) ("[C]onsolidating these actions will avoid unnecessary waste of judicial resources and additional costs and delay to the parties.").

Defendant anticipates Plaintiffs will oppose this Motion, but such opposition does not limit this Court's power to consolidate these matters for trial. The Eleventh Circuit has affirmed consolidations, and this Court has consolidated cases, despite opposition. *Hendrix*, 776 F.2d 1492; *Bennett*, No. 2:14-cv-170-WCO-JOF, 2016 WL 4267629. Furthermore, in the past three years, this Court has consolidated numerous cases *sua sponte*. *See In re Allen*, No. 4:24-CV-0139-WMR-WEJ, 2024 WL 5699873 (N.D. Ga. June 12, 2024); *Doherty-Heinze v. Chrisley*, No. 3:22-CV-

172-TCB, 2023 WL 2373498 (N.D. Ga. Jan. 9, 2023); *Sherwood v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01495-ELR, 2023 WL 12167502 (N.D. Ga. May 3, 2023).

Because *Roland*, *Long*, *Newton*, *Phillips* and *Sims* involve the same questions of law and fact, such that using multiple lawsuits would burden the parties and waste judicial resources, Defendant's Motion to Consolidate Actions should be granted.

Respectfully submitted this 25th day of November, 2025.

        **MARSH, ATKINSON & BRANTLEY, LLC**

By:  */s/ Lauren D. Woodrick*
Lee Clayton
Georgia State Bar No. 601004
Lauren D. Woodrick
Georgia State Bar No. 324394
***Attorneys for Defendant***
***Wingate Management Company, LLC***

271 17th Street NW, Suite 1600
Atlanta, Georgia 30363
(404) 282-5050 (phone)
(404) 282-3030 (facsimile)
lee.clayton@mablawfirm.com
lauren.woodrick@mablawfirm.com

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Local Rule 7.1D, undersigned counsel certifies that the foregoing *Motion to Consolidate Actions* has been prepared in Times New Roman, 14-point font, in compliance with Local Rule 5.1C.

This 25th day of November, 2025.

        **MARSH, ATKINSON & BRANTLEY, LLC**

      By: */s/ Lauren D. Woodrick*
        Lee Clayton
        Georgia State Bar No. 601004
        Lauren D. Woodrick
        Georgia State Bar No. 324394
        *Attorneys for Defendant*
        *Wingate Management Company, LLC*

271 17th Street NW, Suite 1600
Atlanta, Georgia 30363
(404) 282-5050 (phone)
(404) 282-3030 (facsimile)
lee.clayton@mablawfirm.com
lauren.woodrick@mablawfirm.com

## CERTIFICATE OF SERVICE

UNDERSIGNED counsel hereby certifies that she has this date filed the foregoing *Motion to Consolidate Actions* with the Clerk of Court using the CM/ECF e-file and serve system which will send email notification of said filing to all attorneys of record.

This 25th day of November, 2025.

        **MARSH, ATKINSON & BRANTLEY, LLC**

By: */s/ Lauren D. Woodrick*
Lee Clayton
Georgia State Bar No. 601004
Lauren D. Woodrick
Georgia State Bar No. 324394
*Attorneys for Defendant*
*Wingate Management Company, LLC*

271 17th Street NW, Suite 1600
Atlanta, Georgia 30363
(404) 282-5050 (phone)
(404) 282-3030 (facsimile)
lee.clayton@mablawfirm.com
lauren.woodrick@mablawfirm.com